MEHTANI LAW OFFICES, P.C.
AANAND MEHTANI (CAL. BAR 254556)
*The Water Garden*
*2425 Olympic Blvd., Suite 4000W*
*Santa Monica, California 90404*
Telephone:   310-776-3590
Facsimile:    310-776-3600
amehtani@mehtanilaw.com

Attorneys for Plaintiff
AMBER PERALES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER PERALES, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| vs. | **[JURY TRIAL DEMANDED]** |
| AMAZON.COM SERVICES, LLC., a Delaware limited liability company; and DOES 1 through 10, inclusive, | |
| Defendants. | |

1. **DISCRIMINATION IN VIOLATION OF CALIFORNIA'S FAIR EMPLOYMENT & HOUSING ACT ("FEHA") – GOVERNMENT CODE SECTIONS 12940, *ET SEQ.*;**

2. **FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**

3. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS IN VIOLATION OF FEHA**

4. **RETALIATION IN VIOLATION OF FEHA**

5. **FAILURE TO PREVENT VIOLATIONS OF FEHA**

6. **WRONGFUL TERMINATION PURSUANT TO CALIFORNIA COMMON LAW**

Plaintiff AMBER PERALES ("Plaintiff" or "PERALES") hereby brings this Complaint against defendant AMAZON.COM SERVICES, LLC and DOES 1 through 10, inclusive (collectively, "Defendants") and alleges the following on knowledge as to himself and her known acts, and on information and belief as to all other matters:

## JURISDICTION AND VENUE

1. Federal diversity jurisdiction exists pursuant to 28 U.S.C. section 1332 because Plaintiff is a citizen of a different state than the Company and because the amount in controversy exceeds $75,000. Plaintiff is a citizen of California. Defendant is citizen a of Delware and the Washington State. No owner or shareholder of either named defendant resides in California.

2. Venue in this district is proper pursuant to 28 U.S.C. section 1391 because a substantial part of the events or omissions on which the claim is based occurred in the Central District of California.

3. At all times mentioned herein, California Government Code Section 12900, *et seq*., was in full force and effect, and was binding upon Defendants.

4. On or about November 2, 2021, and within the time provided by law, Plaintiff filed charges of discrimination and retaliation with the California Department of Fair Employment and Housing ("DFEH") and received a "Right to Sue" Notice from them, which is attached hereto as Exhibit A and incorporated to the FACTUAL ALLEGATIONS section below by reference.

## PARTIES

5. Plaintiff was employed by Defendants in California.

6. The true names or capacities, whether individual, governmental, corporate, associate or otherwise, of DOES 1-10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff is informed and believes, and hereon alleges, that each of the defendants designated herein as DOE is legally responsible in some manner (as the agent, partner and/or employee of the co-defendant) for the events and happenings herein referred to and in doing the actions

mentioned below was acting individually and as an agent of named Defendants. Plaintiff will amend this Complaint to allege the true names and capacities of such defendants when they are ascertained.

7.     Plaintiff is informed and believes, and hereon alleges, that at all times relevant herein, each of the Defendants was the agent, employee, supervisor, servant, alter ego and/or joint venturer of each of the remaining Defendants, and in doing the things hereafter alleged, each Defendant was acting within the course, scope and authority of such agency, employment, and/or joint venture, and with the consent and permission of each of the other Defendants.  Plaintiff is informed and believes, and hereon alleges that all actions of each Defendant alleged in the causes of action in which this paragraph is incorporated by reference were ratified and approved by the officers and/or managing agents of every other Defendant.

### FACTUAL ALLEGATIONS

7.     Plaintiff was hired by the Company in or around October 2020.  She started work as a laborer in packaging at an Amazon warehouse in Chatsworth in December 2020.

8.     Around early February 2021, Plaintiff's shoulder was in constant pain that prevented her from heavy lifting.  All of Plaintiff's managers – "Chris [Last Name Unknown]," "Danny [Last Name Unknown]," and two others – knew about Plaintiff's condition.  Chris told Plaintiff that she could restrict herself to light duty for the time being.

9.     A few days later, Plaintiff took two days off of work because to tend to her shoulder.

10.     When Plaintiff returned to work, Plaintiff brought in a doctor's certification indicating that she was excused for the two days off to tend to her disability.

11.     On the day that Plaintiff return, she contacted human resources to present her doctor's certification.  She was told by "Brandon [Last Name Unknown] that she would "put a ticket in" related to the doctor's note.

12.     The next day, another employee from human resources (name unknown) told Plaintiff she was fired.  Plaintiff was fired for taking too much time off.

13.     After her termination, she appealed the decision formally to human resources, and two days later, her termination was confirmed by human resources.  As the Company's records will reflect, Plaintiff complained specifically that she was being fired for missing days excused by her doctor to tend to her disability.

14.     Plaintiff's shoulder continues to bother her.  Plaintiff first hurt her shoulder about 10 years ago as a teenager.  Her condition flares up from time to time and limits major life activities including lifting, sleeping, concentrating, and working.  However, Plaintiff could have continued to work with or without accommodations if she had not been fired.

15.     Indeed, substantial motivating factors for Plaintiff's termination of employment were without limitation requests for disability accommodation, her taking of time off to tend to her disability, the Company's animus towards Plaintiff because of her disability, and her complaints about violations of her rights under FEHA.

16.     The misconduct, as described this Section III, was performed or ratified by managing agents of the Company ("Managing Agents") including but limited to Chris, Danny, and others at the Company who made decisions related to Plaintiff's termination or oversaw the making of those decisions, including in the human resources department. The Managing Agents were each responsible for overseeing a substantial portion of the Company's business operations, and each exercised substantial discretionary authority over vital aspects of such operations, including making significant decisions that affect the Company's internal policies.  The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages.

17.     In committing the foregoing acts, the Managing Agents willfully disregarded Plaintiff's right to be free from unlawful discrimination and retaliation..

18.     In committing the foregoing acts, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for Plaintiff's rights under California law.

19.     In committing the foregoing acts, the Managing Agents intended to cause emotional and financial injury to Plaintiff.

## FIRST CAUSE OF ACTION

### Discrimination Based Upon Disability in Violation of FEHA

### (On Behalf of Plaintiff Against All Defendants)

8.     The allegations set forth above are re-alleged and incorporated herein by reference as though fully set forth herein.

9.     Within the time provided by law, Plaintiff filed charges with the DFEH, in full compliance with these sections, received right-to-sue notices, and commenced this action in a timely manner.

10.     At all times relevant to this complaint, Plaintiff was an employee of Defendants and/or DOES 1-10, and each of them.

11.     Defendants and/or DOES 1-10 knew Plaintiff had, and/or perceived Plaintiff as having, disabilities including those related to her shoulder, as set forth in the FACTUAL ALLEGATIONS section above.

12.     Plaintiff was able to perform the essential job duties with reasonable accommodations for her disability.

13.     Defendants and/or DOES 1-10 took adverse employment actions against Plaintiff, including, but not limited to refusing to provide Plaintiff with reasonable accommodations and/or wrongfully terminating Plaintiff, because of her actual and/or perceived disability.

14.     Plaintiff's actual and/or perceived disability was a substantial motivating reason for adverse employment actions taken by Defendants and/or DOES 1-10 against Plaintiff, including, but not limited to, refusing to provide Plaintiff with

MEHTANI LAW OFFICES

reasonable accommodations and wrongfully terminating Plaintiff for taking days off that were necessary to tend to her disabilities.

15.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, special damages including, but not limited to, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven at the time of trial.

16.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, general damages including but not limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

17.    The conduct of Defendants and/or DOES 1-10, and each of them, was a substantial factor in causing Plaintiff's harm.

18.    Defendants and/or DOES 1-10 committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Such conduct was also authorized and/or ratified by an owner, officer, director or managing agent of Defendants and/or DOES 1-10.. In light of defendant Defendants' and/or DOES 1-10's willful, knowing and intentional discrimination against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

19.    As a direct cause of the acts alleged above, Plaintiff had to hire the services of an attorney.  Plaintiff incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).  Plaintiff is presently unaware of the precise

MEHTANI LAW OFFICES

amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

20. Plaintiff also seeks declaratory and injunctive relief against Defendants and/or DOES 1-10, and each of them pursuant to Government Code section 12920 which states that "[i]t is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. . ."; Government Code section 12920.5, which states that, "[i]n order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. . ."; and Government Code 12965, subdivision (c), states that "[a] court may grant as relief in any action filed pursuant to subdivision (a) any relief a court is empowered to grant in a civil action brought pursuant to subdivision (b), in addition to any other relief that, in the judgment of the court, will effectuate the purpose of this part.  This relief may include a requirement that the employer conduct training for all employees, supervisors, and management on the requirements of this part, the rights and remedies of those who allege a violation of this part, and the employer's internal grievance procedures."  Such declaratory and injunctive relief sought by Plaintiff includes, but not limited to, the following:

    a. A declaration that Defendants and/or DOES 1-10 violated the public policy of the State of California as set forth in Government Code section 12920;

    b. A declaration that Defendants and/or DOES 1-10 violated Plaintiff's civil rights as set forth in Government Code section 12921;

    c. A declaration that Defendants and/or DOES 1-10 failed to take all reasonable steps necessary to prevent and correct discrimination and retaliation;

MEHTANI LAW OFFICES

d.   An order requiring that Defendants and/or DOES 1-10 remove from Plaintiff's personnel file any and all documents reflecting any discipline that is deemed to be discriminatory and/or retaliatory in nature;

e.   An order prohibiting Defendants and/or DOES 1-10 from discriminating against, harassing, and retaliating against their employees on any illegal basis, including, but not limited to, for opposing conduct prohibited by the Fair Employment and Housing Act; for reporting conduct believed to violate the rights of others under the Fair Employment and Housing Act; for participating in the investigation of allegations of conduct alleged to violate the Fair Employment and Housing Act; and for asserting their civil and constitutional rights to be free from discrimination and harassment in the workplace under the Fair Employment and Housing Act and the California Constitution;

f.   An order requiring every one of Defendants' and/or DOES 1-10's hourly, salaried, supervisory, and managerial employees, as well as Defendants' officers and directors, limited to such employees as are working in the State of California, to undergo at least two hours of anti-discrimination training;

g.   An order requiring Defendants and/or DOES 1-10 to set up and maintain a database to track all complaints of harassment, discrimination, and/or retaliation;

h.   An order requiring Defendants and/or DOES 1-10 to establish and maintain a toll-free number for the reporting of discrimination, harassment, and retaliation and/or to provide an updated notice to all employees about that number;

i.   An order requiring Defendants and/or DOES 1-10 to post all required state and federal posters pertaining to workers' rights as they relate to discrimination, harassment, and retaliation;

**COMPLAINT**

j.   An order requiring Defendants and/or DOES 1-10 to redistribute their anti-discrimination and anti-retaliation policies to every one of their hourly, salaried, supervisory and managerial employees, as well as Defendants' and/or DOES 1-10's officers and directors, along with a letter signed by Defendants' and/or DOES 1-10's Chief Executive Officer, in which said person clearly and forcefully states that Defendants and/or DOES 1-10 do not, and will not, condone discrimination, harassment, or retaliation of any kind, and that such behavior, if experienced, observed, or even heard about, must be promptly reported to any supervisor, manager, or to a specifically identified person in Human Resources, or must be phone in to the previously established toll-free number;

21.   WHEREFORE Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

### Failure to Accommodate Disability in Violation of FEHA

### (On Behalf of Plaintiff Against All Defendants)

22.   The allegations set forth above are re-alleged and incorporated herein by reference as though fully set forth herein.

23.   Within the time provided by law, Plaintiff filed charges with the DFEH, in full compliance with these sections, received right-to-sue notices, and commenced this action in a timely manner.

24.   California Government Code section 12940(m) makes it unlawful "[f]or an employer or other entity…to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

25.   At all times relevant to this complaint, Plaintiff was an employee of Defendants and/or DOES 1-10, and each of them.

26.   Defendants and/or DOES 1-10 knew Plaintiff had, and/or perceived Plaintiff as having, disabilities including those related to her shoulder, as set forth in the FACTUAL ALLEGATIONS section above.

27.     Plaintiff was able to perform the essential job duties of her position with reasonable accommodations for her disabilities, which disabilities limited major life activities.

28.     Defendants and/or DOES 1-10, and each of them, failed to provide reasonable accommodations for Plaintiff's disabilities. Including requisite time off from work to tend to her disabilities.

29.     As a direct and proximate result of the unlawful conduct of defendant Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, special damages including, but not limited to, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven at the time of trial.

30.     As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, general damages including but not limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

31.     The conduct of Defendants and/or DOES 1-10, and each of them, was a substantial factor in causing Plaintiff's harm.

32.     Defendants and/or DOES 1-10 committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Such conduct was also authorized and/or ratified by an owner, officer, director or managing agent of Defendants and/or DOES 1-10.. In light of defendant Defendants' and/or DOES 1-10's willful, knowing and intentional discrimination against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

33.    As a direct cause of the acts alleged above, Plaintiff had to hire the services of an attorney.  Plaintiff incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

34.    WHEREFORE Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION

### (Failure to Engage in the Interactive Process in Violation of FEHA)
### (On Behalf of Plaintiff Against All Defendants)

35.    The allegations set forth above are re-alleged and incorporated herein by reference as though fully set forth herein.

36.    California Government Code section 12940(n) makes it unlawful "[f]or an employer or other entity covered by this part to fail to engage in a timely, good faith interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition."

37.    California Government Code section 12926.1(e) states "The Legislature affirms the importance of the interactive practice between the applicant or employee and the employer in determining a reasonable accommodation, as the requirement has been articulated by the Equal Employment Opportunity Commission in its interpretive guidance of the Americans with Disabilities Act."

38.    At all times relevant to this complaint, Plaintiff was an employee of Defendants and/or DOES 1-10, and each of them.

39.    Defendants and/or DOES 1-10 knew Plaintiff had, and/or perceived Plaintiff as having, disabilities including those related to her shoulder, as set forth in the FACTUAL ALLEGATIONS section above.

40.   As set forth more fully above, Plaintiff informed Defendants and/or DOES 1-10 of her disabilities and requested accommodations so that she would be able to perform the essential job requirements.

41.   At all times material to this Complaint, Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.  As alleged above, Plaintiff tried on many occasions to engage Defendants and/or DOES 1-10 in an interactive process.

42.   Defendants and/or DOES 1-10, however, repeatedly failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodations could be made,  denied Plaintiff reasonable accommodations, and wrongfully terminated her employment.

43.   As a direct and proximate result of the unlawful conduct of defendant Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, special damages including, but not limited to, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven at the time of trial.

44.   As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, general damages including but not limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

45.   The conduct of Defendants and/or DOES 1-10, and each of them, was a substantial factor in causing Plaintiff's harm.

46.   Defendants and/or DOES 1-10 committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious

MEHTANI LAW OFFICES

disregard of the rights of Plaintiff.  Such conduct was also authorized and/or ratified by an owner, officer, director or managing agent of Defendants and/or DOES 1-10.  In light of Defendants' and/or DOES 1-10's willful, knowing and intentional discrimination against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

47.     As a direct cause of the acts alleged above, Plaintiff had to hire the services of an attorney.  Plaintiff incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

48.     WHEREFORE Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of the FEHA

### (On Behalf of Plaintiff Against All Defendants)

49.     The allegations set forth above are re-alleged and incorporated herein by reference as though fully set forth herein.

50.     California Government Code section 12940(h) makes it unlawful for an employer to retaliate against someone who makes a complaint about disability discrimination.  California Government Code section 12940(m)(2) makes it unlawful for an employer to "retaliate or otherwise discriminate against a person for requesting accommodation" for a "known physical or mental disability", "regardless of whether the request was granted."

51.     At all times relevant to this complaint, Plaintiff was an employee of Defendants and/or DOES 1-10, and each of them.

52.     As alleged more fully above, Plaintiff repeatedly requested accommodations for her disability and/or complained about disability discrimination and/or Defendants' and/or DOES 1-10's refusal to provide reasonable

accommodations and/or their refusal to engage in an interactive process, as set forth in the FACTUAL ALLEGATIONS section above.

53.   Defendants and/or DOES 1-10 retaliated against Plaintiff by subjecting him to adverse employment actions including, but not limited to refusing to provide him with reasonable accommodations, and/or terminating her employment.

54.   Plaintiff's requests for reasonable accommodations for her disability; and/or her complaints about disability discrimination, and/or Defendants' and/or DOES 1-10's refusal to provide reasonable accommodations, and/or their refusal to engage in an interactive process was a substantial motivating reason for Defendants' and/or DOES 1-10's decision not to pay him for all hours worked; and/or to refuse to provide him with reasonable accommodations; and/or to terminate her employment.

55.   As a direct and proximate result of the unlawful conduct of defendant Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, special damages including, but not limited to, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven at the time of trial.

56.   As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, general damages including but not limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

57.   The conduct of Defendants and/or DOES 1-10, and each of them, was a substantial factor in causing Plaintiff's harm.

58.   Defendants and/or DOES 1-10 committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Such conduct was also authorized and/or ratified

by an owner, officer, director or managing agent of Defendants and/or DOES 1-10..
In light of Defendants' and/or DOES 1-10's willful, knowing and intentional
discrimination against Plaintiff, she seeks an award of punitive and exemplary
damages in an amount according to proof.

59.    As a direct cause of the acts alleged above, Plaintiff had to hire the
services of an attorney.  Plaintiff incurred and continues to incur legal expenses and
attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to
Government Code section 12965(b).  Plaintiff is presently unaware of the precise
amount of these expenses and fees and prays leave of court to amend this complaint
when the amounts are more fully known.

60.    WHEREFORE Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation in Violation of FEHA
### (On Behalf of Plaintiff Against All Defendants)

61.    The allegations set forth above are re-alleged and incorporated herein by
reference as though fully set forth herein.

62.    California Government Code section 12940(k) makes it an unlawful
employment practice for an employer to "fail to take all reasonable steps to prevent
discrimination . . . from occurring."  This provision also makes it unlawful for an
employer to fail to prevent retaliation.  *See, e.g., Ortiz v. Georgia Pacific* (E.D. Cal.
2013) 973 F.Supp.2d 1162, 1184 (citing *Taylor v. City of Los Angeles Dep't of Water &
Power* (2006) 144 Cal.App.4th 1216, 1240).

63.    As alleged above, Defendants and/or DOES 1-10, and each of them,
violated this subsection by failing to take reasonable steps necessary to prevent the
discrimination and/or retaliation from occurring, and/or failed to take appropriate steps
to investigate and correct the discrimination and/or retaliation once it occurred, and/or
otherwise failed to engage in a good-faith interactive process with Plaintiff and/or

failed to provide Plaintiff with reasonable accommodations and instead wrongfully terminated him.

64.   Plaintiff is informed and believes and thereupon alleges that Defendants and/or DOES 1-10, and each of them, failed to provide adequate training to its owners, directors, supervisors, managers, and/or other employees.

65.   As a direct and proximate result of the unlawful conduct of defendant Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, special damages including, but not limited to, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven at the time of trial.

66.   As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, general damages including but not limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

67.   The conduct of Defendants and/or DOES 1-10, and each of them, was a substantial factor in causing Plaintiff's harm.

68.   As a direct cause of the acts alleged above, Plaintiff had to hire the services of an attorney.  Plaintiff incurred and continues to incur legal expenses and attorneys' fees, and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(b).  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

69.   WHEREFORE Plaintiff prays for judgment as set forth below.

//

MEHTANI LAW OFFICES

## SIXTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (On Behalf of Plaintiff Against All Defendants)

70.     The allegations set forth above are re-alleged and incorporated herein by reference as though fully set forth herein.

71.     At all times relevant to this complaint, Plaintiff was an employee of Defendants and/or DOES 1-10, and each of them.

92.     At all times mentioned herein, Article I, Section 8 of the California Constitution, and California Government Code sections 12900, *et seq.* were in full force and effect, and set forth the policy of the State of California.   California Government Code section 12920 declares the public policy of the State of California shall be, in part, to protect and safeguard the right and opportunity of all persons to seek and hold employment without discrimination or abridgment on account of disability, and prohibits retaliation because such persons have protested unlawful discrimination.   Further, at all times relevant to this complaint, Labor Code sections 1102.5 and 6310, among others, were in full force and effect and binding Defendants and/or DOES 1-10, and each of them, and reflects the broad public policy interest in encouraging workplace whistleblowers to report unlawful acts without fearing retaliation, in encouraging employees to report workplace activity that may violate important public policies that the Legislature has stated, and further provides protection to employees that an refuse to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, as well as preventing retaliation against an employee for disclosing information to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute or noncompliance with a state or federal regulation.

72.    Plaintiff's above alleged complaints of violations of the law, requests for reasonable accommodations, and/or actual and/or perceived disabilities were substantial motivating reason(s) for Plaintiff's termination.

73.    As a direct and proximate result of the unlawful conduct of defendant Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, special damages including, but not limited to, losses in earnings, bonuses, deferred compensation, employment benefits, earning capacity, opportunities for employment advancement and work experience, and other damages to be proven at the time of trial.

74.    As a direct and proximate result of the unlawful conduct of Defendants and/or DOES 1-10, and each of them, Plaintiff was harmed and suffered, and continues to suffer, general damages including but not limited to shock, embarrassment, humiliation, emotional distress, and other damages to be proven at the time of trial.

75.    The conduct of Defendants and/or DOES 1-10, and each of them, was a substantial factor in causing Plaintiff's harm.

76.    Defendants and/or DOES 1-10 committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of the rights of Plaintiff.  Such conduct was also authorized and/or ratified by an owner, officer, director or managing agent of Defendants and/or DOES 1-10.  In light of Defendants' and/or DOES 1-10's willful, knowing and intentional discrimination against Plaintiff, she seeks an award of punitive and exemplary damages in an amount according to proof.

//

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  For general damages in amounts according to proof;

2.  For special damages in amounts according to proof;

3.  For punitive damages in an amount sufficient to punish and make an example out of Defendants as provided by law;

4.  For injunctive relief as provided by law;

5.  For declaratory relief as provided by law;

6.  For attorneys' fees as provided by law;

7.  For statutory penalties as provided by law;

8.  For pre-judgment interest as provided by law;

9.  For costs of suit incurred herein; and

10. For such other and further relief as the Court deems fair and just.


Dated:  October 31, 2021                MEHTANI LAW OFFICES, P.C.

By _____
                AANAND MEHTANI

Attorneys for Plaintiff, AMBER PERALES

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                              KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 2, 2021

Amber Perales
c/o Mehtani Law Offices, 2425 Olympic Blvd. 4000W
Santa Monica, CA 90404

RE:   **Notice to Complainant**
      DFEH Matter Number: 202111-15263202
      Right to Sue: Perales / Amazon.com Services, LLC

Dear Amber Perales:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents.  If you do not have an attorney, you must serve the complaint yourself.
Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of
Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 2, 2021

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202111-15263202
Right to Sue: Perales / Amazon.com Services, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 2, 2021

Amber Perales
c/o Mehtani Law Offices, 2425 Olympic Blvd. 4000W
Santa Monica, CA 90404

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202111-15263202
        Right to Sue: Perales / Amazon.com Services, LLC

Dear Amber Perales:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 2, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Amber Perales                                                         DFEH No. 202111-15263202

                                    Complainant,

vs.

Amazon.com Services, LLC
410 Terry Ave N
Seattle, WA 98109

                                    Respondents

_____

**1.** Respondent **Amazon.com Services, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Amber Perales**, resides in the City of **Santa Monica,** State of **CA.**

**3**. Complainant alleges that on or about **November 2, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's genetic information or characteristic, disability (physical or mental), medical condition (cancer or genetic characteristic), other, family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, laid off, reprimanded, suspended, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

-1-

*Complaint – DFEH No. 202111-15263202*

Date Filed: November 2, 2021

DFEH-ENF 80 RS

1

2   **Additional Complaint Details:** Perales ("Plaintiff") was hired by the Company in or around
    October 2020.  She started work as a laborer in packaging at an Amazon.com LLC
3   warehouse in Chatsworth in December 2020.  Around early February 2021, Plaintiff's
    shoulder was in constant pain that prevented her from heavy lifting.  All of Plaintiff's
4   managers – "Chris [Last Name Unknown]," "Danny [Last Name Unknown]," and two others –
    knew about Plaintiff's condition.  Chris told Plaintiff that she could restrict herself to light duty
5   for the time being.  A few days later, Plaintiff took two days off of work because to tend to
    her shoulder.  When Plaintiff returned to work, Plaintiff brought in a doctor's certification
6   indicating that she was excused for the two days off to tend to her disability.
7   11.      On the day that Plaintiff return, she contacted human resources to present her
    doctor's certification.  She was told by "Brandon [Last Name Unknown] that she would "put a
8   ticket in" related to the doctor's note.  The next day, another employee from human
    resources (name unknown) told Plaintiff she was fired.  Plaintiff was fired for taking too much
9   time off.  After her termination, she appealed the decision formally to human resources, and
    two days later, her termination was confirmed by human resources.  As the Company's
10  records will reflect, Plaintiff complained specifically that she was being fired for missing days
    excused by her doctor to tend to her disability.  Plaintiff's shoulder continues to bother her.
11  Plaintiff first hurt her shoulder about 10 years ago as a teenager.  Her condition flares up
    from time to time and limits major life activities including lifting, sleeping, concentrating, and
12  working.  However, Plaintiff could have continued to work with or without accommodations if
    she had not been fired.  Indeed, substantial motivating factors for Plaintiff's termination of
13  employment were without limitation requests for disability accommodation, her taking of time
    off to tend to her disability, the Company's animus towards Plaintiff because of her disability,
14  and her complaints about violations of her rights under FEHA.

15

16

17

18

19

20

21

22

23

24

25

26                                             -2-
27
    Date Filed: November 2, 2021
28
                                                                              DFEH-ENF 80 RS

VERIFICATION

I, **Aanand Mehtani**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On November 2, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Studio City, CA**

-3-
*Complaint – DFEH No. 202111-15263202*

Date Filed: November 2, 2021

DFEH-ENF 80 RS